UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PENG YU,

                       Petitioner,

        -against-

WARDEN,

                       Respondent.

25-CV-6084 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner Peng Yu ("Petitioner"), who currently is detained at the Brazos County Jail, located in College Station, Brazos County, Texas, challenges his current detention, stating that he is falsely imprisoned.[1] He initiated this action by filing a letter. Because he challenges his current detention, the Clerk's Office opened the letter as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.[2]

      For the following reasons, the Court transfers this action to the United States District Court for the Southern District of Texas.

## DISCUSSION

      A *habeas corpus* petition brought under Section 2241 is the proper vehicle to challenge the constitutionality of pretrial detention. *See, e.g.*, *Taylor v. New York City*, No. 20-CV-5036 (MKV), 2020 WL 4369602, at *1 (S.D.N.Y. July 30, 2020) (construing claim by pretrial detainee seeking release due to COVID-19 exposure as arising under Section 2241 (citing *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 494-95 (1973))). District courts may

---

[1] Petitioner also seeks the issuance of arrest warrants as to three Texas judges, presumably judges who have some role in Petitioner's current criminal proceedings.

[2] Petitioner did not pay the $5.00 fee to initiate a Section 2241 petition or ask that the fee be waived, likely because he submitted a letter to the court, not a petition.

entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In order to entertain a *habeas corpus* petition under Section 2241, a court must have jurisdiction over the custodian. *See Braden*, 410 U.S. at 494-95 (writ of *habeas corpus* does not act upon the petitioner who seeks relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).

Petitioner is currently detained at Brazos County Jail, which is in the judicial district of the United States District Court for the Southern District of Texas. Therefore, in the interest of justice, the Court transfers this action to the Southern District of Texas. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Southern District of Texas. An order to answer shall not issue from this court. This order closes this action in this court.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose

of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 24, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge